**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

FILED
14 JUN -6  AM 10: 20

| | |
|---|---|
| SHREYA MODI,<br>5455 North Marginal Road<br>Cleveland, Ohio 44114<br><br>**Plaintiff,**<br><br>v.<br><br>UNIVERSITY HOSPITALS CLEVELAND<br>MEDICAL CENTER dba UNIVERSITY<br>HOSPITALS OF CLEVELAND CASE MEDICAL<br>CENTER,<br><br>c/o its Statutory Agent, Janet Miller<br>3605 Warrensville Center Road<br>Shaker Heights, Ohio 44122<br><br>and<br><br>CASE WESTERN RESERVE UNIVERSITY<br>SCHOOL OF DENTAL MEDICINE<br><br>c/o its Statutory Agent, Elizabeth Keefer<br>10900 Euclid Avenue, Room 311<br>Cleveland, Ohio 44106<br><br>and<br><br>DR. GERALD FERRETTI, DDS<br>12614 Mayfield Road<br>Cleveland Heights, OH  44106<br><br>**Defendants**. | CIVIL ACTION NO.<br><br>**1:14CV1220**<br><br>JUDGE NUGENT<br>MAG. JUDGE BAUGHMAN<br><br>**VERIFIED COMPLAINT**<br>**FOR INJUNCTIVE**<br>**RELIEF AND MONETARY**<br>**DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

1.      This is an action for declaratory, injunctive, and monetary relief by Dr. Shreya

Modi ("Dr. Modi"), against Defendants University Hospitals Cleveland Medical Center d/b/a/

University Hospitals Case Medical Center (hereinafter "UHCMC"), Case Western Reserve

University School of Dental Medicine ("CWRU"), and Dr. Gerald Ferretti, DDS ("Ferretti")

(collectively, with UHCMC and CWRU, "Defendants") for declaratory, injunctive, and monetary relief arising from violations of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq.*, the Ohio Revised Code § 4113.52, and Ohio Revised Code Chapter 4112.

## INTRODUCTION

2.      Dr. Modi is a citizen of the United States and a resident of Cuyahoga County, Ohio.

3.      Defendant UHCMC is an Ohio nonprofit corporation residing in and with a principal place of business in Cuyahoga County, Ohio.

4.      Defendant CWRU is an Ohio nonprofit corporation residing in and with a principal place of business in Cuyahoga County, Ohio.

5.      Defendant Ferretti is the Division Chair of UHCMC's Department of Pediatric Dentistry, an employee of CWRU, and an Ohio resident.

6.      Plaintiff is an "employee" within the meaning of the FMLA, Chapter 4112 of the Ohio Revised Code, and Ohio Revised Code § 4113.52.

7.      Defendants each are a "person," an "individual" and an "employer" within the meaning of the FMLA, Chapter 4112 of the Ohio Revised Code, the ADA, and Ohio Revised Code § 4113.52.

8.      CWRU is a "private entity," within the meaning of the ADA.

9.      The actions and conduct that give rise to these claims occurred in Cuyahoga County, Ohio.  Jurisdiction and venue are proper.

10.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 31 U.S.C. § 3732(a) because, among

2

other things: (i) Defendants transact business in this district and did so at all times relevant to this Complaint and (ii) Defendants committed violations of law within this district. Venue also is proper in this district because a substantial part of the events or omissions giving rise to the claims occurred in this Court's district.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

11.     Plaintiff incorporates into this paragraph her allegations from each of the preceding paragraphs.

12.     In or about June 2012, Dr. Modi began her pediatric dentistry residency training at MetroHealth Medical Center.

13.     In or about August 2012, Dr. Modi transferred her residency training to a residency program in pediatric dentistry with CWRU and UHCMC.

14.     In or about August 2012, UHCMC hired Dr. Modi as a resident within its Department of Pediatric Dentistry.

15.     At all relevant times, Dr. Modi was qualified for the positions she held.

16.     Dr. Modi has successfully performed her job duties at all times during her employment with Defendants.

17.     Dr. Modi has successfully completed her assigned program of study as a residency candidate at CWRU and UHCMC.

18.     Dr. Modi received a Resident Contract with a completion date of on or before June 30, 2014. A true, genuine, and correct copy of that Resident Contract is attached as Exhibit 1.

19.     Dr. Modi has completed over 100 general operating room procedures while training as a pediatric dental resident, thereby satisfying and surpassing Defendants'

3

requirements.

20.    Dr. Modi has completed over 50 conscious sedations of patients, thereby satisfying and surpassing Defendants' requirements.

21.    Dr. Modi has completed approximately 50 nitrous oxide encounters as the primary operator, thereby satisfying and surpassing Defendants' requirements.

22.    Dr. Modi has completed over 50 patient encounters with a sedative other than nitrous oxide, thereby satisfying and surpassing Defendants' requirements.

23.    Dr. Modi has completed over 50 patient encounters with a sedative other than nitrous oxide as the primary operator, thereby satisfying and surpassing Defendants' requirements.

24.    Dr. Modi has completed all rotations required by Defendants for completion of the residency program, including an Ear, Nose, and Throat Specialty Rotation, an Emergency Department Rotation, a Pediatrics Rotation, and an Anesthesia Rotation.

25.    Dr. Modi has a disability, as that term is used by the ADA and Chapter 4112 of the Ohio Revised Code.

26.    While employed by Defendants, Plaintiff engaged in conduct protected under the Family and Medical Leave Act, 29 U.S.C. §§ 2611, *et seq.* ("FMLA").

27.    While employed by Defendants, Dr. Modi orally and in writing reported to UHCMC and Ferretti conduct that she reasonably believed constituted a hazard to public health and patient safety.

28.    Following Dr. Modi's reports of unlawful conduct, Defendants refused to provide reasonable accommodation for Dr. Modi's disability.

29.    On or about May 16, 2014, Defendants informed Dr. Modi that they would not

4

approve the completion of her residency program, despite her completing all requirements of the program.

30.     Dr. Modi has received a job offer with a start date of July 1, 2014, contingent upon her timely receiving from Defendants acknowledgment of her completion of her residency program, which they have refused to provide.

## COUNTS I & II

### (FMLA Interference and Retaliation)

31.     Plaintiff incorporates into this paragraph her allegations from each of the preceding paragraphs.

32.     Defendants were aware that Dr. Modi had a serious health condition.

33.     Beginning in November 2013, Defendants involuntarily placed Dr. Modi on FMLA leave, and refused to allow her to return to her job duties and educational program, which she was able to perform with or without reasonable accommodation.

34.     Dr. Modi returned from FMLA leave on March 17, 2014.

35.     Defendants disciplined Dr. Modi, and extended Dr. Modi's program because she had taken a period of leave to which she was entitled under the FMLA.

36.     Defendants provided Dr. Modi with unfair work assignments and deviated from their written and unwritten employment policies, practices, and procedures and otherwise interfered with and retaliated against Dr. Modi because she had taken a period of leave to which she was entitled under the FMLA.

37.     Defendants unlawfully interfered with, restrained, or denied Dr. Modi the exercise of, or the attempt to exercise, her rights as provided under the FMLA and retaliated against her, by taking action against her with respect to the terms, conditions, and privileges of her

employment, including but not limited to extending her residency program, in violation of the FMLA.

38.     As a result of Defendants' wrongful conduct in interfering with her leave and extending her program completion date, Dr. Modi has suffered and will continue to suffer irreparable harm and other damages for which Defendant UHCMC and Ferretti are liable under the FMLA, including but not limited to the loss of salary, wages, benefits, and other compensation, privileges and conditions of employment.

39.     Defendants UHCMC and Ferretti intentionally, willfully, and unreasonably violated the FMLA in bad faith.  They are liable to Dr. Modi under the FMLA for interest on the amount of losses described in the preceding Paragraph, liquidated damages, all fees and costs including but not limited to reasonable attorney's fees and expert fees, and any equitable relief that this Court deems appropriate including but not limited to her scheduled June 2014 completion date or front pay.

## COUNT III

### (Disability Discrimination in Violation of the ADA)

40.     Dr. Modi incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

41.     Dr. Modi suffered from a disability within the meaning of the ADA.

42.     Dr. Modi is a qualified individual with a disability within the meaning of the ADA.

43.     Dr. Modi has a record of a disability and provided Defendants with medical information from her doctors confirming this disability.

44.     Defendants were aware of Dr. Modi's medical condition and disability, and regarded Dr. Modi as disabled.

45.     Defendants unlawfully discriminated against Plaintiff because of her disability for which she sought an accommodation, with respect to the terms, conditions, and privileges of her employment and education by, among other things, discriminatorily subjecting her to unfair assignments, scrutiny and discipline, discriminatorily administering employment policies and standards, and denying her timely completion of her program, in violation of the ADA.

46.     As a direct and proximate result of Defendants' unlawful conduct, Dr. Modi has suffered and will continue to suffer irreparable harm and other damages for which Defendants are liable under the ADA, including but not limited to the loss of salary, wages, benefits, and other compensation, privileges and conditions of employment.

47.     Defendants' discriminatory actions against Dr. Modi in violation of the ADA were willful, reckless, and/or malicious and render Defendants liable for past and future economic and non-economic compensatory and punitive damages pursuant to the ADA, as well as attorneys' fees, costs, expenses and any other equitable relief that this Court deems appropriate, including but not limited to her contractual June 2014 graduation or front pay.

## COUNT IV

**(Disability Discrimination in Violation of Ohio Revised Code Chapter 4112)**

48.     Dr. Modi incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

49.     Dr. Modi suffered from impairments within the meaning of Ohio Revised Code Chapter 4112.

50.     Dr. Modi is a qualified individual with a disability within the meaning of the Ohio

7

Revised Code Chapter 4112.

51.     Dr. Modi has a record of a disability and provided Defendants with medical information from her doctors confirming this disability.

52.     Defendants were aware of Dr. Modi's medical condition and disability, and regarded Dr. Modi as disabled.

53.     Defendants UHCMC and Ferretti unlawfully discriminated against Plaintiff because of her disability for which she sought an accommodation, with respect to the terms, conditions, and privileges of her employment and education by, among other things, discriminatorily subjecting her to unfair assignments, scrutiny and discipline, discriminatorily administering employment policies and standards, and denying her timely completion of her program, in violation of Ohio Revised Code §§ 4112.02 and 4112.99.

54.     As a direct and proximate result of Defendants' unlawful conduct, Dr. Modi has suffered and will continue to suffer irreparable harm and other damages for which Defendants are liable under Ohio Revised Code §§ 4112.02 and 4112.99, including but not limited to the loss of salary, wages, benefits, and other compensation, privileges and conditions of employment.

55.     Defendants UHCMC's and Ferretti's discriminatory actions against Dr. Modi in violation of Ohio Revised Code §§ 4112.02 and 4112.99 were willful, reckless, and/or malicious and render Defendants liable for past and future economic and non-economic compensatory and punitive damages pursuant to Ohio Revised Code § 4112.99, as well as attorneys' fees, costs, expenses and any other equitable relief that this Court deems appropriate, including but not limited to her contractual June 2014 graduation or front pay.

8

## COUNT V

**(Aiding and Abetting Disability Discrimination in Violation of Ohio Revised Code § 4112)**

56.     Dr. Modi incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

57.     Dr. Modi suffered from impairments within the meaning of Ohio Revised Code Chapter 4112.

58.     Dr. Modi is a qualified individual with a disability within the meaning of the Ohio Revised Code Chapter 4112.

59.     Dr. Modi has a record of a disability and provided Defendants with medical information from her doctors confirming this disability.

60.     Defendants were aware of Dr. Modi's medical condition and disability, and regarded Dr. Modi as disabled.

61.     Defendant CWRU unlawfully discriminated against Plaintiff because of her disability for which she sought an accommodation, with respect to the terms, conditions, and privileges of her employment and education by, among other things, discriminatorily subjecting her to unfair assignments, scrutiny and discipline, discriminatorily administering employment policies and standards, and denying her timely completion of her program, in violation of Ohio Revised Code §§ 4112.02 and 4112.99.

62.     As a direct and proximate result of Defendant's unlawful conduct, Dr. Modi has suffered and will continue to suffer irreparable harm and other damages for which Defendants are liable under Ohio Revised Code §§ 4112.02 and 4112.99, including but not limited to the loss of salary, wages, benefits, and other compensation, privileges and conditions of employment.

63.     Defendant CWRU's discriminatory actions against Dr. Modi in violation of Ohio

9

Revised Code §§ 4112.02 and 4112.99 were willful, reckless, and/or malicious and render Defendants liable for past and future economic and non-economic compensatory and punitive damages pursuant to Ohio Revised Code § 4112.99, as well as attorneys' fees, costs, expenses and any other equitable relief that this Court deems appropriate, including but not limited to her contractual June 2014 graduation or front pay.

## COUNT VI

### (Violation of R.C. 4113.52, Ohio's Whistleblower Statute)

64.     Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

65.     During the course of her employment with Defendants, Dr. Modi learned and reasonably believed that Defendants and/or Defendants' employees were engaging in conduct that violated Defendants' policies and federal and state laws, and endangered patient safety.

66.     In or around August 2013, Dr. Modi reported and described to Defendants, orally and in writing, Defendants' conduct that she reasonably believed violated Ohio and/or federal law, and endangered patient safety.

67.     Plaintiff made reasonable and good faith efforts to determine the accuracy of her reports that Defendants and/or their employees were engaging in conduct that she believed violated Ohio and/or federal law and/or endangered patient safety.

68.     Defendants did not take appropriate actions to correct the violations.

69.     In or around August 2013, and continuing thereafter, Defendants retaliated against Dr. Modi because she reported Defendants' conduct by, among other things, discriminatorily subjecting her to unfair scrutiny and discipline, discriminatorily administering employment policies and standards, forcing her to take medical leave, reassigning her job duties, and denying her timely completion of her program.

70.     Defendant UHCMC deliberately and willfully violated Ohio's Whistleblower's Protection Act, Ohio Rev. Code § 4113.52, when it engaged in retaliatory and prohibited conduct as set forth in this Complaint, because she reported Defendant's conduct, which she believed violated Ohio and federal law and/or endangered patient safety.

71.     UHCMC's actions were deliberate, willful and with actual malice.

72.     As a direct and proximate result of UHCMC's unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic damages for which Defendants are liable, including but not limited to reinstatement, payment of back wages, full reinstatement of fringe benefits and seniority rights, attorneys' fees and costs, witness fees, expert fees, interest and any additional legal or equitable relief that this Court deems appropriate, including ordering timely completion of her residency program in June 2014.

WHEREFORE, Dr. Shreya Modi, DMD, prays for damages and such further injunctive relief as follows:

I.     **AS TO COUNTS I & II**

1.     A declaratory judgment stating that Defendants UHCMC and Ferretti have violated the FMLA by interfering with Dr. Modi's FMLA rights and taking retaliatory action against her due to her FMLA rights; and

2.     A temporary restraining order, preliminary injunction, and permanent injunction enjoining Defendants UHCMC and Ferretti from further violating the FMLA, and ordering Defendants UHCMC and Ferretti to issue Dr. Modi a certificate of completion of her residency program, and to bestow upon her all honors and privileges associated with completion of the program; and

3.     For such other and further relief in law or equity to which this Court may find Plaintiff entitled, including, but not limited to, compensatory and liquidated damages, and all attorneys' fees and cost of this action.

## II.     AS TO COUNT III

1.     A declaratory judgment stating that Defendants have violated the ADA by discriminating against her and taking retaliatory action against her due to her disability; and

2.     A temporary restraining order, preliminary injunction, and permanent injunction enjoining Defendants from further violating the ADA, and ordering Defendants to issue Dr. Modi a certificate of completion of her residency program, and to bestow upon her all honors and privileges associated with completion of the program; and

3.     For such other and further relief in law or equity to which this Court may find Plaintiff entitled, including, but not limited to, compensatory and punitive damages, and all attorneys' fees and cost of this action.

## III.     AS TO COUNT IV

1.     A declaratory judgment stating that Defendants UHCMC and Ferretti have violated Ohio Revised Code Chapter 4112, by discriminating against Dr. Modi and taking retaliatory action against her due to her disability; and

2.     A temporary restraining order, preliminary injunction, and permanent injunction enjoining Defendants UHCMC and Ferretti from further violating Ohio Revised Code, and ordering Defendants UHCMC and Ferretti to issue Dr. Modi a certificate of completion of her residency program, and to bestow upon her all honors and privileges associated with completion of the program; and

3.     For such other and further relief in law or equity to which this Court may find Plaintiff entitled, including, but not limited to, compensatory and punitive damages, and all attorneys' fees and cost of this action.

IV.    **AS TO COUNT V**

1.     A declaratory judgment stating that Defendant CWRU has violated the Ohio Revised Code Chapter 4112 by aiding and abetting Defendants' discriminatory conduct against her due to her disability; and

2.     A temporary restraining order, preliminary injunction, and permanent injunction enjoining Defendant CWRU from further violating Ohio Revised Code Chapter 4112, and ordering Defendant CWRU to issue Dr. Modi a certificate of completion of her residency program, and to bestow upon her all honors and privileges associated with completion of the program; and

3.     For such other and further relief in law or equity to which this Court may find Plaintiff entitled, including, but not limited to, compensatory and punitive damages, and all attorneys' fees and cost of this action.

V.     **AS TO COUNT VI**

1.     A declaratory judgment stating that Defendant UHCMC has violated Ohio Revised Code § 4113.52 by retaliating against Dr. Modi following her protected complaints; and

2.     A temporary restraining order, preliminary injunction, and permanent injunction enjoining Defendants UHCMC from further violating Ohio Revised Code § 4113.52, and ordering Defendants UHCMC to issue Dr. Modi a certificate of completion of her residency program, and to bestow upon her all honors and privileges associated with completion of the program; and

13

3.     For such other and further relief in law or equity to which this Court may find Plaintiff entitled, including, but not limited to, compensatory damages, and all attorneys' fees and cost of this action.

Respectfully submitted,

DANIEL P. PETROV (0074151)
dpetrov@tpgfirm.com
MARK D. GRIFFIN (0064141)
mgriffin@tpgfirm.com
JESSICA L. MACKEIGAN (0087121)
jmackeigan@tpgfirm.com

THORMAN PETROV GRIFFIN CO., LPA
3100 Terminal Tower
50 Public Square
Cleveland, Ohio 44113
Tel. (216) 621-3500
Fax (216) 621-3422

*Attorneys for Plaintiff Dr. Shreya Modi, DMD*

14

STATE OF OHIO         )

                      ) SS.       **DECLARATION OF VERIFICATION**

COUNTY OF CUYAHOGA )

        Dr. Shreya Modi, DMD, being first duly sworn in accordance with law, testifies as follows:

        1.    I have personal knowledge of the facts set forth herein and am competent to testify thereto.

        2.    I have read and reviewed the foregoing Verified Complaint for Injunctive Relief and Monetary Damages, and the facts and information set forth therein are true to the best of my knowledge and belief.

        I declare under penalty of perjury that the forgoing is true and correct.

                                     Dr. Shreya Modi, DMD

Executed on this _27_ day of _May_, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was filed electronically on June 6, 2014 and served upon the following via electronic and regular U.S. mail, postage prepaid:

Marcie Manson, Esq.
Associate General Counsel
University Hospitals
3605 Warrensville Center Rd.
Shaker Heights, OH  44122
marcie.manson@uhhospitals.org

Peter Poulos, Esq.
Case Western Reserve University
10900 Euclid Avenue
Adelbert Hall Suite 311
Cleveland, OH 44106-7020
peter.poulos@case.edu

_Attorney for Plaintiff_